Creen, J.
delivered the opinion of the court.
This bill is brought to enjoin a portion of the price agreed to be given for a slave, on the ground that defendant sold the negro as sound, knowing that he was of unsound mind.
The bill alleges that the defendant, as executor of Fox, made a public sale of the property of the estate, and among other things the negro boy in question was sold; the complainant being the purchaser at the price of four hundred dollars. At the sale the boy was crying, and complainant was unable to judge of his mental capacity, but he has since ascertained that the boy is of weak mind, nearly, if not altogether, an idiot. The defendant, Earnest, knew the boy was of unsound mind when he made the sale, but failed to disclose the fact, whereby the complainant has been defrauded. The boy is not worth more than one hundred dollars, and complainant prays, that defendant be enjoined from collecting the balance of the sum agreed to be given for him.
*25 The answer denies that, there is any defect of understanding on the part of the slave in question, amounting to idiotcy, or any thing like it; denies that the defendant knew any thing of the mental condition of the boy, previous to the day of sale, or that he fraudulently concealed any knowledge he possessed; and thinks it strange the complainant did not sooner make known the facts in reference to said slave, &c.
The proof shows that the boy is ignorant and dull of comprehension; and in the opinion of witnesses, is not worth more than half the value of a sprightly sensible boy of the same age.
The sale took place in August, 1S39, and this bill was filed, April 6th, 1844. The Chancellor dismissed the bill, on the ground that the knowledge of the defendant, of the mental imbecility of the slave, was not clearly proved; from which decree this appeal is prosecuted.
We are of opinion, that the Chancellor was well warranted by the evidence, to decree against the complainant, upon the ground, that the defendant did not know of the existence of any defect in the slave at the time he was sold, and the length of time, (nearly five years,) which the complainant permitted to elapse, after the sale, before he brought his bill, is persuasive evidence that the imbecility of intellect of the slave did not diminish his value so much as complainant now alledges.
The evidence makes it certain the slave has less intelligence than persons of his age and condition usually possess; and he may be greatly deficient in skill in the management of horses, arranging the harness, &c., and yet for the ordinary services of a field hand, it is probable he will be found equal to other slaves of his age.
The bill does not alle|ge, nor does any of the proof indicate, that the slave is an idiot; the most that can be said is, that he is unusually ignorant and dull of comprehension.
To constitute a breach of warranty of soundness, this court decided in the case of Belew vs. Clark, (4 Hump. R. 506,) that the want of intellect must be so great as to disqualify from the performance of the ordinary duties of life. Any other rule would be too uncertain, and would be without any fixed principle upon which to rest. The grades of intellect, up to the *26 highest, are so numerous and various, that should the court once depart from the rule above stated, no one can tell at what point to determine that mental soundness exists.
If, therefore, the defendant had known all about this negro, it is not such a case of mental imbecility as must exist to entitle a party to relief in such a case as this.
The decree will be affirmed.